UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CASEY INGOLE,**

    **Plaintiff,**

**v.**                                                        Case No.: 8:08-CV-1089-T-27EAJ

**CERTAIN UNDERWRITERS AT**
**LLOYD'S OF LONDON,**

    **Defendants.**
_____/

## ORDER

Before the court are Plaintiff's **Motion to Compel Answers to Plaintiff's First Interrogatories** (Dkt. 26) and Defendants' **Response in Opposition** (Dkt. 37).

Plaintiff Casey Ingole's homeowner's insurance policy was issued by Defendants Certain Underwriters at Lloyd's London (Dkt. 1). Plaintiff's home was damaged by Hurricane Jeanne and she submitted a claim for property damage which Defendants denied. In state court, Plaintiff obtained a jury verdict against Defendants. (Id. at 2). Plaintiff then filed the complaint in the instant case alleging that Defendants acted in bad faith for failing to properly investigate, settle, and pay Plaintiff's claim (Id. at 2-3).

Plaintiff now asks the court to compel Defendants to answer her first set of interrogatories (Dkt. 26). Defendants contend that Plaintiff has served a total of 49 interrogatories, including subparts, which exceeds the 25 permitted under Rule 33(a), Fed. R. Civ. P. (Dkt. 37 at 1). Defendants responded to the first 25 interrogatories (by their calculation) and objected to the remaining interrogatories (Id.).

Rule 33(a)(1), Fed. R. Civ. P., states:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

Fed. R. Civ. P. 33(a)(1). Parties cannot evade the "presumptive limitation [of 25 interrogatories] through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Fed. R. Civ. P. 33(a), advisory committee's note (1993 amendment).

The "related question" test applies to determine whether a subpart to an interrogatory should be considered discrete and counted separately. Powell v. The Home Depot USA, No. 07-80435-Civ, 2008 WL 2473748, at * 2 (S.D. Fla. June 16, 2008). Under the "related question" test, courts assess whether the subparts are "logically or factually subsumed within and necessarily related to the primary question." Oliver v. City of Orlando, No. 06-CV-1671-Orl-21DAB, 2007 WL 3232227, at * 2 (M.D. Fla. Oct. 31, 2007). "[A]n interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory." Border Collie Rescue, Inc. v. Ryan, No. 3:04-CV-568-J32-HTS, 2005 WL 662724, at * 1 (M.D. Fla. March 15, 2005) (internal quotations and citations omitted).

Plaintiff's interrogatories 3, 6, 8, 9, and 11 contain subparts that are logically related to the information sought in the primary questions and will be counted as single interrogatories. Interrogatory 3 calls for specific information about whether and when Defendants created a receipt of Plaintiff's property damage claim, why it was prepared, and the substance of the document. Similarly, interrogatory 6 asks Defendants if they created a record of the home office employee who first received notice of Plaintiff's claim, the date and substance of the record, and a list of recipients. Interrogatory 8 asks whether a local branch claim manager created a record describing Plaintiff's claim for property damage and when and why the document was prepared. Interrogatories 9 and 11

contain similar inquiries of records Defendants may have prepared upon learning of Plaintiff's claim.

In the case of each of these interrogatories, the subparts seek to elicit details concerning a common theme and are "logically or factually subsumed within and necessarily related to the primary question." Oliver, 2007 WL 3232227 at * 2. Defendants argue that there is no common theme to Plaintiff's interrogatories because some seek information relating to Defendants' handling of Plaintiff's claim while others request general information of Defendants' general claims handling procedures (Dkt. 37 at 3). It is of no consequence that the interrogatories as a whole cover more than one topic, however. What matters for the purposes of Plaintiff's motion is that the subparts of a particular interrogatory are related to the primary question.

Defendants also object because the interrogatories are directed "generally to Lloyd's of London and not to the Underwriters who subscribe to [Plaintiff's policy]." (Dkt. 37 at 5). This is without merit. Plaintiff's interrogatories are directed to Defendants and request information about Defendants' policies, not about the policies of Lloyd's of London in general.

Defendants' final objection is that Plaintiff has propounded punitive damages discovery without posting a bond as required by Florida (Id. at 4). The Federal Rules of Civil Procedure make no provision for the posting of cost bonds, and this district has not promulgated a local rule governing such bonds. Precisionaire, Inc. v. Liberty Mut. Ins. Co., 8:04-CV-1939-T-17EAJ, 2006 WL 2508090, at * 1 (M.D. Fla. Aug. 29, 2006). Thus, the requirement to post a bond is not applicable to this case. See id.

Upon consideration, Plaintiff's **Motion to Compel** (Dkt. 26) is **GRANTED**. By May 20, 2009, Defendants shall serve Plaintiff with amended responses to Plaintiff's interrogatories.

3

**DONE** and **ORDERED** in Tampa, Florida on this 4th day of May, 2009.

_____
ELIZABETH A JENKINS
United States Magistrate Judge